# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

AMIE JOHNSON, CHRISTOPHER D. JOHNSTON, MAL BERGMAN and TESS BERGMAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,

Defendant.

CASE NO. C09-5217BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant's Motion to Dismiss First Amended Complaint (Dkt. 39) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 42). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part Plaintiffs' motion and grants Defendant's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 16, 2009, Plaintiffs Amie Johnson, Christopher D. Johnston, Mal Bergman and Tess Bergman filed a Class Action Complaint for Damages/Injunctive

ORDER - 1

1 Relief alleging that Defendant Countrywide Home Loans, Inc., violated the Washington Consumer Loan Act ("CLA"), RCW 34.04, *et seq.*, and the Washington Consumer Protection Act ("CPA"), RCW 19.86, *et seq.* Dkt. 1 ("Complaint").

On June 15, 2009, Defendant filed a Motion to Dismiss. Dkt. 23. On September 16, 2009, the Court granted in part and denied in part Defendant's motion. Dkt. 35. The Court granted Defendant's motion in part as follows:

> Defendant argues that WAC 208-620-560 applies only to junior liens. Dkt. 23 at 9. Plaintiffs counter that the version of the code that was in effect during the origination of Plaintiffs loans, 2006 and 2007, did not limit the prohibited practices to junior liens. Dkt. 33 at 3-4. But, under Washington law, an amendatory act "constitutes a repeal of the amended act to the extent the two acts are inconsistent." *See Cazzanigi v. General Elec. Credit Corp.*, 132 Wn.2d 433, 442-443 (1997) (citing *Seattle-King County Council of Camp Fire v. State*, 105 Wn.2d 55, 63, 711 P.2d 300 (1985)). The current version of WAC 208-620-560 is limited to junior liens. *See* WAC 208-620-560 ("What restrictions are there for charging fees on junior lien loans other than the loan origination fee . . . ."). The Court finds that this version controls the disposition of this action. Therefore, the Court grants Defendant's motion on this issue because Plaintiffs have failed to show that the loans in question are governed by WAC 208-620-560.

Dkt. 35 at 6.

The Court also granted Defendant's motion with respect to Plaintiffs' CPA claim. The Court found that Plaintiffs had stated a valid legal theory but had failed to plead sufficient facts to support that theory. *Id.* at 6-7. The Court gave Plaintiffs 30 days to file an amended complaint that was "consistent with [the Court's] order . . . ." *Id.* at 7.

On October 16, 2009, Plaintiffs filed a First Amended Complaint. Dkt. 36. Plaintiffs added allegations to their CLA claim (*see id.* ¶¶ 6.6, 6.7, 6.9, 6.11, 6.12, and 6.13), added allegations and case citations to their CPA claim (*see id.* ¶¶ 6.17-6.23), and added a breach of contract claim (*see id.* 6.24-6.29).

On November 12, 2009, Defendant filed a Motion to Dismiss First Amended Complaint. Dkt. 39. On December 11, 2009, Plaintiffs responded and filed a Motion for Leave to File Second Amended Complaint (Dkt. 42) and submitted the proposed Second Amended Complaint (Dkt. 42-2 ("Proposed Complaint")). On December 23, Defendant

ORDER - 2

replied to its motion (Dkt. 43) and responded to Plaintiffs' motion (Dkt. 44). On December 30, 2009, Plaintiffs replied to their motion. Dkt. 45.

## II. FACTUAL BACKGROUND

Plaintiffs' claims arise from two mortgage loans that they obtained from Defendant. The first loan was obtained by Plaintiffs Ms. Johnson and Mr. Johnston (Complaint ¶¶ 4.2-4.7) and the second loan was obtained by Plaintiffs Mr. and Mrs. Bergman (Complaint ¶¶ 4.8-4.12).

**A.    Ms. Johnson and Mr. Johnston's Loan**

On January 20, 2007, Ms. Johnson and Mr. Johnston entered into a real estate purchase agreement to acquire real property located in Spanaway, Washington. Complaint ¶ 4.3. They described this property as their "new home," *id.*, and stated that they have resided at that property at all times relevant to the Complaint. *Id.* ¶ 3.1. On June 19, 2007, they applied for a residential loan from Defendant. *Id.* ¶ 4.4. On July 25, 2007, the mortgage loan closed after Ms. Johnson and Mr. Johnston executed a promissory note in favor of Defendant in the amount of $271,667, secured by a deed of trust on the Spanaway property. *Id.* ¶ 4.5. Defendant notes that the "Complaint does not allege that a junior lien secured Johnson and Johnston's Defendant loan or that any other, prior liens encumbered the property." Dkt. 28 at 3.

In this action, Ms. Johnson and Mr. Johnston challenge a "Loan Discount Fee" of 1.5% of the loan principal. Proposed Complaint, ¶¶ 4.5-4.7.

**B.    The Bergmans' Loan**

In the spring of 2006, the Bergmans applied for a residential mortgage loan from Defendant. Complaint ¶ 4.8. The Bergmans intended to use the loan's proceeds to refinance an existing construction loan "for a home being built for the Bergmans." *Id.* On May 30, 2006, the Bergmans executed a note in favor of Defendant in the amount of $389,410.22. *Id.* ¶ 4.9. To secure the note, the Bergmans also granted a deed of trust in favor of Defendant as to certain real property located in Graham, Washington. *Id.* ¶¶ 3.2,

4.9. Defendant notes that the "Complaint does not state that a junior lien secured the Bergmans' loan or that any other, prior liens encumbered the property." Dkt. 28 at 4.

The Bergmans challenge a "Jumbo Fee" of $19,688.95 (Proposed Complaint, ¶¶ 4.10-4.12) and a "Loan Discount" fee of $5,733.75 (*id*. ¶¶ 4.13-4.15).

### III. DISCUSSION

As a threshold matter, Plaintiffs have essentially filed a motion for reconsideration of the Court prior order and have failed to stay within the limits of the specific leave that they were granted to amend their complaint. First, Plaintiffs must file a motion for reconsideration within fourteen days after the order to which it relates is filed. Local Rule CR 7(h)(2). Plaintiffs failed to abide by this procedural rule. Moreover, Plaintiffs essentially ask the Court to overrule the Washington State Supreme Court on an issue of state law because of an "overwhelming 'sea-change'" in the jurisprudence of retroactivity." Dkt. 42 at 14-17. The arguments for Plaintiffs' request are unpersuasive and, therefore, the Court denies Plaintiffs' implicit motion for reconsideration.

Second, in lieu of dismissing Plaintiffs' CPA claim, the Court *sua sponte* granted Plaintiffs leave to amend their complaint to add factual allegations in support of their CPA claim. Dkt. 35. Completely ignoring this order, Plaintiffs added various allegations to both their CLA claim and their CPA claim, and added an entirely new breach of contract claim. Dkt. 36 at 10-15. While the Court is inclined to strike the First Amended Complaint and instruct Plaintiffs to comply with the previous order, the parties have fully briefed both a motion for leave to amend and a motion to dismiss. To "secure the just, speedy, and inexpensive determination" of this action, the Court will strike the First Amended Complaint and consider the parties' motions as applied to the Proposed Complaint.

**A. Plaintiffs' Motion for Leave to Amend**

Once a complaint has been answered, a party may amend it by consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). Although leave should be

freely given when justice so requires, courts should consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Court will apply these considerations to Plaintiffs' proposed amendments.

### 1. Breach of Contract

In the Proposed Complaint, Plaintiffs assert a breach of contract claim. Proposed Complaint, ¶¶ 6.24-6.29. The claim is based on "implicit terms" in the contracts of the "covenant of good faith and fair dealing." *See id.* ¶¶ 6.25-6.26. "[T]he duty of good faith does not . . . inject substantive terms into the parties' contract." *Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991) (internal quotations omitted). A party cannot "expand the existing duty of good faith to create obligations on the parties in addition to those contained in the contract." *Id.* at 570.

In this case, Plaintiffs' breach of contract claim is legally deficient because it is based on the proposition that the duty of good faith and fair dealing is a substantive term of their contracts. Therefore, the Court denies without prejudice Plaintiffs' motion for leave to add a breach of contract claim because, as alleged, it would be futile.

### 2. CLA

Plaintiffs allege that Defendant is subject to the provisions of the CLA. Proposed Complaint, ¶ 6.1. Plaintiffs also allege that Defendant violated the CLA by charging various fees that are specifically prohibited by WAC 208-660-500. *Id.*, ¶¶ 6.7, 6.9, 6.11, 6.13, and 6.14. Defendant counters that if it is doing business under the CLA, then it is not subject to WAC 208-660-500 because that administrative code was promulgated

pursuant to the Mortgage Broker Practices Act, RCW 19.146, *et seq*. ("MBPA"). Dkt. 39 at 10-11. The Court agrees.

In particular, the MBPA states that "any person doing business under the consumer loan act is exempt from this chapter" for any loans "conducted under the authority and coverage of the consumer loan act." RCW 19.146.020(1)(b); *see also* WAC 208-660-008(3) ("If you are licensed under the Consumer Loan Act, . . . residential mortgage loans are exempt from the Mortgage Broker Practices Act.").

Therefore, Plaintiffs are denied leave to amend and add these claims because, as alleged, they would be futile.

### 3. Fraudulent Concealment

In their motion for leave to amend, Plaintiffs seek leave to add a cause of action for fraudulent concealment. Dkt. 42 at 12-13. Plaintiffs argue that they "believe that a cause of action for fraudulent concealment" may be asserted against Defendants. *Id*. at 12. However, Plaintiffs have failed to include this cause of action in their Proposed Complaint. At this time, without specific supporting factual allegations, Plaintiffs' mere belief as to their cause of action is futile. Therefore, the Court denies without prejudice Plaintiffs' motion for leave to amend on this issue.

### 4. Conclusion

The Court denies Plaintiffs' motion for leave to amend as to the proposed breach of contract claim, the fraudulent concealment belief, and the alleged violations of WAC 208-660-500. The remainder of Plaintiffs' Proposed Complaint is based on allegedly unearned "Loan Discount Fees" and "Jumbo Fees." *See, e.g.,* Proposed Complaint, ¶¶ 6.4-6.5. Therefore, the Court grants leave to amend the remainder of the Proposed Complaint and will turn to Defendant's motion to dismiss Plaintiffs' CLA and CPA claims.

**B.     Defendant's Motion to Dismiss**

  **1.     Standard**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

  **2.     Plaintiffs' Claims**

As stated above, Plaintiffs allege that Defendant charged them unearned "Loan Discount Fees" and "Jumbo Fees." *See, e.g.,* Proposed Complaint, ¶¶ 6.4-6.5. These factual allegations of unearned fees are the only basis of Plaintiffs' CLA claim and CPA claim. The Court will address each claim.

    **a.     CLA**

Plaintiffs' remaining CLA claim is as follows:

> 6.6     By charging Plaintiffs and Class Members these unearned fees, Countrywide directly or indirectly employed a scheme, device or artifice to defraud or mislead these borrowers in violation of RCW 31.04.027(1).
> 
> ***
> 
> 6.8     By charging Plaintiffs and Class Members these unearned fees, Countrywide directly or indirectly engaged unfair or deceptive practices toward these borrowers in violation of RCW 31.04.027(2).
> 
> ***
> 
> 6.10     By charging Plaintiffs and Class Members these unearned fees, Countrywide obtained property by fraud or misrepresentation from these borrowers in violation of RCW 31.04.027(3).

> ***
>
> 6.12 By charging Plaintiffs and Class Members these unearned fees, Countrywide made false and deceptive statements or representations with regard to the rates, points or other financing terms or conditions for residential mortgage loans to these borrowers in violation of RCW 31.04.027(7).

Proposed Complaint.

First, Defendant argues that Plaintiffs have failed to make any factual allegation that Defendant (1) "directly or indirectly employed a scheme, device or artifice to defraud or mislead" customers; (2) "obtained property by fraud or misrepresentation;" or (3) "made false and deceptive statements or representations." Dkt. 39 at 11-12. The Court agrees. Plaintiffs essentially allege that they were defrauded or Defendant made misrepresentations because Defendant "cannot show" that the charging of either the loan discount fee or jumbo fee resulted in any benefit to Plaintiffs. That allegation is not plausible. Moreover, Plaintiffs' alleged entitlement to relief is nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 127 S. Ct. at 1965. Therefore, the Court grants Defendant's motion to dismiss on paragraphs 6.6, 6.10, and 6.12 of the Proposed Complaint.

Second, Defendant argues that Plaintiffs have failed to make any factual allegation of an unfair and or deceptive practice. Dkt. 39 at 12-13. The Court agrees. With regard to the loan discount fee that Defendant disclosed and Plaintiffs paid, Plaintiffs have failed to allege facts to state a plausible claim that the fee was either unfair or deceptive. Plaintiffs merely conclude that Defendant "cannot show that the charging of these discount points . . . resulted in a reduction of the interest rate charged . . ." or, in the alternative, that the loan discount received was not "commensurate with the amount of the discount fee charged . . . ." Proposed Complaint, ¶¶ 4.6, 4.7. These conclusions do not establish an "unfair or deceptive" act.

With regard to the jumbo fee that Plaintiffs paid on an allegedly non-jumbo loan, Defendant argues that the loan was a jumbo loan. Dkt. 44 at 8-10. Plaintiffs failed to respond to this argument and offer no allegation to the contrary. In fact, Plaintiffs even

ORDER - 8

allege that the Bergmans' loan was a jumbo loan. Proposed Complaint, n. 4 ("the Deed of Trust states that it secures $417,000 in debt."). It can hardly be an unfair or deceptive practice to disclose and charge a jumbo fee on a jumbo loan.

Therefore, the Court grants Defendant's motion to dismiss Plaintiffs' CLA claim.

**3. CPA**

Plaintiffs' remaining CPA claim rests on the following allegations:

> 6.20 Countrywide's misconduct alleged in the foregoing paragraphs of this Complaint in which it charged Plaintiffs and Class Members unearned fees on their residential home loans constitutes an unfair act or practice within the meaning of the CPA.
> 6.21 Countrywide's misconduct alleged in the foregoing paragraphs of this Complaint in which it charged Plaintiffs and Class Members unearned fees on their residential home loans constitutes a deceptive act or practice within the meaning of the CPA.

Proposed Complaint.

The Court has already concluded that Plaintiffs have failed to allege an unfair or deceptive act based on the loan discount fee and the jumbo fee. Therefore, the Court also grants Defendant's motion to dismiss Plaintiffs' CPA claim.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 42) is **GRANTED in part** and **DENIED in part** as stated herein and Defendant's Motion to Dismiss First Amended Complaint (Dkt. 39) is **GRANTED**.

DATED this 1st day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge